<div style="float:left">EASTERN DIS.<br>*May*, 1841.<br><br>MONBOUCHET'S<br>CURATOR<br>*vs.*<br>FERRAUD FILS.</div>

## MONBOUCHET'S CURATOR *vs.* FERRAUD FILS.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH AND CITY OF NEW ORLEANS.

Every court has jurisdiction to compel obedience to its orders.

A purchasing creditor retaining the price, is bound to refund or pay over his share of the law charges of an insolvent estate.

Five days notice of the service of a rule, is sufficient to bring the party into court.

In this case the curator having filed his tableau of distribution, which was homologated, and in which it appeared the defendant was a purchasing creditor of property of the estate to the amount of $2250, retaining the purchase money. His share of the law charges on the final administration of the estate, which proved insolvent, was $443 25. The curator took a rule on him to pay over this sum, which was made absolute, and he appealed.

*J. Seghers*, for the curator and absent creditors.

*Canon*, contra.

*Martin, J.* delivered the opinion of the court.

EASTERN DIS.
*May*, 1841.

MONBOUCHET'S
CURATOR
*vs.*
FERRAUD FILS.

The curator's account of the administration of the estate of J. B. Monbouchet, having been filed and homologated, a rule was taken on the defendant and appellant to show cause why he should not pay into court the sum of $443 25, with which he is charged in the above account. The rule was made absolute; he afterwards took a rule on the curator to show cause why the judgment against him should not be rescinded, and on this last rule being discharged, he appealed.

It appears that as a creditor by mortgage, he received a sum of $2250, the proceeds of the sale of the mortgaged property. The estate proving insolvent he became responsible for the sum with which he is charged on the tableau, as his proportion of the law charges, &c.

He sought to set aside the rule which had been obtained against him, on an allegation that the Court of Probates was without jurisdiction, and that he had not proper notice of the rule.

I. It appears to us that the court correctly disregarded his pretensions. He had entered into an obligation to refund so much of the proceeds of the sale, which he had received, as might be needed to satisfy his proportion of the law charges which the estate was not sufficient to pay. Of this he was the mere depositary; for he would not have been permitted to receive any part of the proceeds of the sale, unless he had entered into the above obligation. This sum he holds subject to the order of the court, and must pay when the order is made requiring it. Every court has jurisdiction to compel obedience to its orders. He has made no objection as to the amount claimed.

*A purchasing creditor retaining the price, is bound to refund or pay over his share of the law charges of an insolvent estate.*

*Every court has jurisdiction to compel obedience to its orders.*

II. The rule was taken returnable on the 27th of March, 1839, and was served on the appellant on the 22d, five days

*Five days notice of the service of a rule, is sufficient to bring the party into court.*

EASTERN DIS. before the return day.  This is sufficient notice to bring the
*May,* 1841. party into court.

CHITTENDEN          It is therefore ordered, adjudged and decreed that the judg-
*vs.*
PAGE ET AL. ment of the Court of Probates be affirmed with costs.